552 A.2d 971

**Paul HARRISON, et al.**

**v.**

**JOHN F. PILLI & SONS, INC.**

**No. 718, Sept. Term 1988.**

Court of Special Appeals of Maryland.

Feb. 3, 1989.

200

Anthony P. Palaigos (Blum, Yumkas, Mailman, Gutman & Denick, P.A., on the brief), Baltimore, for appellants.

John S. Simcox (Hartman and Crain, on the brief), Annapolis, for appellee.

Argued before MOYLAN, BISHOP and ROSALYN B. BELL, JJ.

MOYLAN, Judge.

Appellants/cross-appellees (Buyers) appeal from an Order of the Circuit Court for Anne Arundel County which granted their motion for summary judgment and ordered appellee/cross-appellant (Seller) to pay damages of $1,920 to each Buyer for violation of Maryland Real Property Code Annotated § 14–118. Seller cross-appealed raising several contentions. The crux of both sides' arguments is the construction of § 14–118.

Maryland Real Property Code Annotated § 14–118, then in force, provided:

"(a) A contract of sale of improved, residential real property shall disclose to the initial purchaser the estimated cost, as established by the appropriate water and

sewer authority, of any deferred water and sewer charges for which the purchaser may become liable. If the appropriate water and sewer authority has not established a schedule of charges for the water and sewer project that benefits the property or if a local jurisdiction has adopted a plan to benefit the property in the future, the contract of sale shall disclose that fact to the initial purchaser.

(b) Violation of this section entitles the initial purchaser to recover from the seller two times the amount of deferred charges he is required to pay."

Buyers contend that the trial court misinterpreted the statute and miscalculated the damages.

Buyers are six married couples who purchased residential real property in Anne Arundel County from Seller under separate "New Construction" contracts of sale. The homes described in these contracts were not built at the time the agreements were executed. Rather, the homes were to be built on the sub-divided lots sold to Buyers. The contracts failed to disclose the estimated cost of any deferred water and sewer charges for which the Buyers may become liable as a result of the real property purchase. The Buyers filed suit in the Circuit Court for Anne Arundel County on October 28, 1986 based on Seller's alleged violation of § 14–118. Both sides moved for summary judgment and at a hearing held April 4, 1988, Judge Eugene M. Lerner found that Buyers were initial purchasers of improved, residential real property and granted Buyers' motion. Pursuant to the statute, Seller was ordered to pay to each Buyer twice the amount of deferred water and sewer charges paid to Belleview Sewer & Water, Inc. (Belleview), namely, $1,920. Thereafter, Buyers noted this appeal.

Buyers urge us to read § 14–118 as entitling them to two times the amount of deferred water and sewer charges that they would have to pay to Belleview over the life of their agreements with Belleview. These agreements are to last for 33 years. Thus, Buyers seek damages of double the

water and sewer charges they would have to pay over the next 31 years.[1]

Conversely, Seller agrees with the trial court's reading of that portion of the statute that Buyers contest, but raises the following issues on cross-appeal:

1. That it was error for the trial court to apply § 14–118 to the real property contract when there was no evidence that Buyers were initial purchasers of improved real property or that Belleview was an appropriate water and sewer authority;

2. That it was error for the trial court to hold, as a matter of law, that Buyers did not waive their rights under the statute by failing to object to payment of the deferred water and sewer charges upon learning of the charges prior to taking title to the lots; and

3. That it was error for the trial court to award $1,920 per couple when the record established that Buyer had only been assessed $480 in water and sewer charges as of the date of the hearing below.

▇ It is not necessary to address the propriety of ordering year-by-year rather than lump sum damages[2] because

---

1. Buyers have already recovered twice the amount of water and sewer charges for the first two years of the agreement.

   The total water and sewer charges for 31 years is $14,880. This amount doubled is $29,760.

2. It is to be noted, however, that only "initial purchasers" are entitled to disclosure from the seller regarding water and sewer charges. Subsequent purchasers have no recourse against the original seller. Also, we observe that subsection (a) refers to disclosure of "charges for which the purchaser may become liable," but subsection (b) measures the amount which the purchaser is entitled to recover for non-disclosure as "two times the amount of deferred charges he is required to pay." The wording of (a), "may become liable," envelops the entire span of the assessments; however, the shift in (b) to the phrase "is required to pay" limits the recovery by the purchaser to charges actually incurred. The statute thus permits recovery only for *present* obligations.

   The Legislature did not go so far as to saddle the non-disclosing seller with the total amount of the charges all at once. Instead, the statute merely provides that the initial purchaser may recoup twice the charges as they become due.

we hold that the contract of sale in the instant case was not for improved, residential real property as contemplated by § 14–118. It is well-settled in Maryland that the cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Frazier v. Warfield,* 13 Md. 279, 301 (1859); *Comptroller of Treasury v. Fairchild Industries, Inc.,* 303 Md. 280, 284, 493 A.2d 341, 343 (1985). Maryland courts are charged with interpreting the words of a statute "according to their genuine and natural signification and import," *Allen v. The Mutual Fire Insurance Co.,* 2 Md. 111, 120 (1852); *Fairchild Industries, supra,* 303 Md. at 284, 493 A.2d 341, but are cautioned to avoid the construction of a statute which is "unreasonable, illogical or inconsistent with common sense." *Kindley v. Governor of Maryland,* 289 Md. 620, 625, 426 A.2d 908, 911–912 (1981); *Comptroller v. John C. Louis Co.,* 285 Md. 527, 539, 404 A.2d 1045, 1053 (1979). A statute which is in contravention of the common law or creates a liability unknown to the common law is to be strictly construed. *Bradshaw v. Prince George's County,* 284 Md. 294, 302, 396 A.2d 255, 260 (1978); 82 C.J.S. *Statutes* § 394 (1953).

█ Real Property Code § 14–118 must be strictly construed as it imposes a liability unknown to the common law upon a seller who fails to make the necessary disclosure of deferred water and sewer charges. Section 14–118 was originally designated Md. Real Prop.Code Ann. § 10–109 and was included under the Land Installment Contracts subtitle of the Sales of Property title. Section 10–109 was eventually repealed and redesignated § 14–118 and placed

---

By limiting recovery to twice the actual charges incurred, the purchaser essentially retains the benefit of the bargain that was struck but does not obtain a windfall by pocketing the full amount and then selling the property to another, who in turn would become obligated to pay the assessment. Although the purchaser, under § 14–118(b), must pursue recovery periodically, the statute as written ensures that the right of recovery from the seller remains in lock-step with the purchaser's obligation to pay the water and sewer charges.

under the Miscellaneous Rules title and subtitle. (Acts 1981, ch. 262, effective Jan. 1, 1982).[3]

Section 14–118 only provides redress to initial purchasers of *improved*, residential real property. Title 14, however, does not tell us what constitutes improved real property. The definition section of the Land Installment Contracts subtitle, § 10–101, does, however, provide the following definition:

> "(d) *Property.*—'Property' means improved property or improved chattels real, occupied or to be occupied by the purchaser as a dwelling, or an unimproved, subdivided lot or lots intended to be improved for residential purposes."

The plain implication of § 10–101(d) is that there is a distinction between improved real property and lots intended to be improved for residential purposes. That distinction is not lost on us in this case. Buyers each contracted with Seller to purchase a sub-divided lot with improvements to be built thereon. We conclude that the contracts of sale in this case were not for improved residential real property. Moreover, we have reviewed the pertinent legislative history and committee files and are convinced that the legislature did not intend to apply § 14–118 to contracts of sale for sub-divided lots to be improved in the future.

Thus, Seller is entitled to summary judgment as a matter of law. We reverse the Order of the Circuit Court for Anne Arundel County and remand this case to that court for an Order consistent with this opinion.

JUDGMENT REVERSED AND REMANDED; COSTS TO BE PAID BY APPELLANTS/CROSS APPELLEES.

---

**3.** The statute was subsequently amended (Acts of 1988, ch. 517, effective July 1, 1988) but the amendment has no bearing on this appeal.